UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————
                                    |
FULL CREATIVE, LTD. d/b/a I.C.B.    |
ASIA, CO., LTD.,                    |    Case No. <u>04 CV 2907(RH)</u>
                    Plaintiff,      |
                                    |
-v-                                 |
                                    |
SOLE CITY, INC., SOLOMON SAFEDEYE,  |
ALAN KANDALL, JEFFREY BERNSTEIN,    |    **ANSWER OF DEFENDANT**
and MARC DOLCE,                     |    **MARC DOLCE AND**
                                    |    **CROSS-CLAIM FOR**
                    Defendants.     |    **INDEMNIFICATION AND**
————————————————————————            |    **CONTRIBUTION**

        The Defendant, Marc Dolce, answers the allegations of the

Plaintiff, Full Creative, LTD. d/b/a I.C.B. Asia Co., LTD., as

follows:

<u>Nature of the Action</u>

1.    The Defendant is without information sufficient to admit or

      deny the allegations set forth in Paragraph 1 of the

      Complaint.

2.    The Defendant is without information sufficient to admit or

      deny the allegations set forth in Paragraph 2 of the

      Complaint.

<u>Jurisdiction and Venue</u>

3.    The Defendant is without information sufficient to admit or

      deny the allegations set forth in Paragraph 3 of the

      Complaint and reserves the right to challenge same in a

      timely manner in accordance with the Rules of Court.

4.    The Defendant is without information sufficient to admit or

      deny the allegations set forth in Paragraph 4 of the

Complaint and reserves the right to challenge same in a timely manner in accordance with the Rules of Court.

<u>The Parties</u>

5.  The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 5 of the Complaint.

6.  The Defendant admits the allegations contained in Paragraph 6 of the Complaint to the extent that Sole City maintains a business address at 141 W.36th Street, New York, New York and is engaged in the business of manufacturing and selling branded footwear to national and regional retailers throughout the United States and Canada.  The Defendant is without information to admit or deny the balance of the allegations in Paragraph 6 of the Complaint.

7.  The Defendant admits the allegations contained in Paragraph 7 of the Complaint to the extent that Safdeye has a business address located at 141 W. 36th Street, NY, NY, and is the sole shareholder of Sole City and controls all of Sole City's business activities.  The Defendant is without information sufficient to admit or deny the balance of the allegations set forth in Paragraph 7 of the Complaint.

8.  The Defendant admits the allegations set forth in Paragraph 8 of the Complaint to the extent that Kandall maintains a business address at 141 W. 36th Street, New York, NY, and is the Chief Financial Officer of Sole City.  The Defendant is

without information sufficient to admit or deny the balance of the allegations set forth in Paragraph 8 of the Complaint.

9.    The Defendant admits the allegations set forth in Paragraph 8 of the Complaint to the extent that Bernstein maintains a business address at 141 W. 36th Street, New York, NY, and is the Chief Financial Officer of Sole City.  The Defendant is without information sufficient to admit or deny the balance of the allegations set forth in Paragraph 9 of the Complaint.

10.   The Defendant admits the allegations set forth in Paragraph 10 of the Complaint to the extent that he resides at 82 Halpin Avenue, Staten Island, NY, and is a former employee of Sole City.  The balance of the allegations contained in Paragraph 10 of the Complaint are denied.

<u>Background</u>

11.   The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12.   The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13.   The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint.

<u>Fraudulent Promises to Pay</u>

17. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.  The Defendant is without information sufficient to admit or
     deny the allegations contained in Paragraph 22 of the
     Complaint.

23.  The Defendant is without information sufficient to admit or
     deny the allegations contained in Paragraph 23 of the
     Complaint.

24.  The Defendant is without information sufficient to admit or
     deny the allegations contained in Paragraph 24 of the
     Complaint.

25.  The Defendant is without information sufficient to admit or
     deny the allegations contained in Paragraph 25 of the
     Complaint.

26.  The Defendant is without information sufficient to admit or
     deny the allegations contained in Paragraph 18 of the
     Complaint.  Further, the Defendant objects to the use of the
     term "Defendants" collectively referring to all Defendants
     as these allegations do not pertain to him.

27.  The Defendant is without information sufficient to admit or
     deny the allegations contained in Paragraph 27 of the
     Complaint.

28.  The Defendant is without information sufficient to admit or
     deny the allegations contained in Paragraph 28 of the
     Complaint.

29.  The Defendant is without information sufficient to admit or
     deny the allegations contained in Paragraph 29 of the

Complaint. The Defendant objects to the use of the term "Defendants" to collectively refer to all Defendants as none of these allegations pertain to him.

30. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint. The Defendant objects to the use of the term "Defendants" to collectively refer to all Defendants as none of these allegations pertain to him.

32. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint.

33. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint. The Defendant objects to the use of the term "Defendants" to collectively refer to all Defendants as none of these allegations pertain to him.

34. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint. The Defendant objects to the use of the term "Defendants" to collectively refer to all Defendants as none of these allegations pertain to him. The allegations contained in Paragraph 34 of the Complaint are denied.

35.   The Defendant is without information sufficient to admit or
deny the allegations contained in Paragraph 35 of the
Complaint.  The Defendant objects to the use of the term
"Defendants" to collectively refer to all Defendants as none
of these allegations pertain to him.

36.   The Defendant is without information sufficient to admit or
deny the allegations contained in Paragraph 36 of the
Complaint.  The Defendant objects to the use of the term
"Defendants" to collectively refer to all Defendants as none
of these allegations pertain to him.

<u>The Ludacris Contract</u>

37.   The Defendant is without information sufficient to admit or
deny the allegations contained in Paragraph 37 of the
Complaint.  The Defendant objects to the use of the term
"Defendants" to collectively refer to all Defendants as none
of these allegations pertain to him.

38.   The Defendant is without information sufficient to admit or
deny the allegations contained in Paragraph 38 of the
Complaint.  The Defendant objects to the use of the term
"Defendants" to collectively refer to all Defendants as none
of these allegations pertain to him.

39.   The Defendant is without information sufficient to admit or
deny the allegations contained in Paragraph 39 of the
Complaint.  The Defendant objects to the use of the term

"Defendants" to collectively refer to all Defendants as none
of these allegations pertain to him.

40. The Defendant is without information sufficient to admit or
deny the allegations contained in Paragraph 40 of the
Complaint.  The Defendant objects to the use of the term
"Defendants" to collectively refer to all Defendants as none
of these allegations pertain to him.

41. The Defendant admits the allegations contained in Paragraph
41 of the Complaint to the extent that the Defendant was
Sole City's senior designer and worked and met with Scurlock
frequently.

42. The Defendant denies the allegations contained in Paragraph
42 of the Complaint.

43. The Defendant denies the allegations contained in Paragraph
43 of the Complaint.

44. The Defendant is without information sufficient to admit or
deny the allegations contained in Paragraph 44 of the
Complaint and accordingly, denies same.

45. The Defendant is without information sufficient to admit or
deny the allegations contained in Paragraph 45 of the
Complaint.

46. The Defendant denies the allegations contained in Paragraph
46 of the Complaint.

47. The Defendant denies the allegations contained in Paragraph
47 of the Complaint.

48. The Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## Multiple Breaches of the Troop License

49. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 49 of the Complaint. The Defendant objects to the use of the term "Defendants" to collectively refer to all Defendants as none of these allegations pertain to him.

50. The Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

## FIRST CLAIM FOR RELIEF
### Breach of Contract Against Defendants Sole City and Safdeye

51. The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 50 of the Complaint as though recited herein verbatim and at length.

52. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 52 of the Complaint.

53. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 53 of the Complaint.

54. The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 54 of the Complaint.

55.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 55 of the Complaint.

56.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 56 of the Complaint.

57.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 57 of the Complaint.

**SECOND CLAIM FOR RELIEF**
Accounts Stated Against Defendants Sole City and Safdeye

58.  The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 57 of the Complaint as though recited herein verbatim and at length.

59.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 59 of the Complaint.

60.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 60 of the Complaint.

61.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 61 of the Complaint.

62.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 62 of the Complaint.

63.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 63 of the Complaint.

64.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 64 of the Complaint.

### THIRD CLAIM FOR RELIEF
#### Fraud Against All Defendants

65.  The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 64 of the Complaint as though recited herein verbatim and at length.

66.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 66 of the Complaint.

67.  The Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.  The Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69.  The Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.  The Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71.  The Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
<u>Negligent Misrepresentation Against Defendants Sole City and Safdeye</u>

72.   The Defendant reiterates his responses to the allegations
      set forth in Paragraphs 1 through 71 of the Complaint as
      though recited herein verbatim and at length.

73.   The Defendant is without information sufficient to admit or
      deny the allegations contained in Paragraph 73 of the
      Complaint.

74.   The Defendant is without information sufficient to admit or
      deny the allegations contained in Paragraph 74 of the
      Complaint.

75.   The Defendant is without information sufficient to admit or
      deny the allegations contained in Paragraph 75 of the
      Complaint.

76.   The Defendant denies the allegations set forth in Paragraph
      76 of the Complaint.

77.   The Defendant denies the allegations set forth in Paragraph
      77 of the Complaint.

78.   The Defendant is without information sufficient to admit or
      deny the allegations contained in Paragraph 78 of the
      Complaint.

79.   The Defendant denies the allegations set forth in Paragraph
      79 of the Complaint.

80.   The Defendant denies the allegations contained in Paragraph
      80 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### Unjust Enrichment Against Defendants Sole City and Safdeye

81.  The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 80 of the Complaint as though recited herein verbatim and at length.

82.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 82 of the Complaint.

83.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 83 of the Complaint.

84.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 84 of the Complaint.

85.  The Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 85 of the Complaint.

WHEREFORE, the Defendant, Marc Dolce, demands judgment against the Plaintiff dismissing all of its Claims for Relief in their entirety and seeks an award of counsel fees and costs of suit incurred herein.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint must be dismissed for lack of subject matter and personal jurisdiction.

### SECOND SEPARATE DEFENSE

The claims for relief in the Complaint are barred by the Plaintiff's own fraud and misrepresentations in this transaction.

### THIRD SEPARATE DEFENSE

The claims for relief in the Complaint are barred by the doctrines of legal and equitable estoppel.

### FOURTH SEPARATE DEFENSE

The claims for relief are barred by the doctrine of laches.

### FIFTH SEPARATE DEFENSE

The claims for relief in the Complaint are barred by the doctrine of waiver.

### SIXTH SEPARATE DEFENSE

The claims for relief in the Complaint are barred because they fail to state a cause of action.

### SEVENTH SEPARATE DEFENSE

The claims for relief in the Complaint are barred because of the failure of consideration renders the contract void.

### EIGHTH SEPARATE DEFENSE

The claims for relief in the Complaint are barred because the contract is void for lack of the meeting of the minds in its formation.

### NINTH SEPARATE DEFENSE

The claims for relief in the Complaint are barred by the Plaintiff's own fraud in the creation of this contract.

<u>TENTH SEPARATE DEFENSE</u>

The claims for relief in the Complaint are barred by the Statute of limitations.

<u>ELEVENTH SEPARATE DEFENSE</u>

The claims for relief in the Complaint are barred by the Statute of Frauds.

<u>TWELFTH SEPARATE DEFENSE</u>

The Plaintiff's damages, if any, are a result of its own actions.

<u>THIRTEENTH SEPARATE DEFENSE</u>

The Plaintiff's damages, if any, are the result of third parties' actions over whom the Defendant, Marc Dolce, had no control.

<u>FOURTEENTH SEPARATE DEFENSE</u>

The Plaintiff has failed to mitigate its damages.

<u>FIFTEENTH SEPARATE DEFENSE</u>

The claims for relief in the Complaint are barred by the doctrine of unclean hands.

<u>SIXTEENTH SEPARATE DEFENSE</u>

The Plaintiff has failed to plead fraud with the requisite particularity.

WHEREFORE, the Plaintiff demands judgment dismissing the Complaint in its entirety and seeks an award of counsel fees and costs of suit incurred herein.

## <u>CROSS CLAIM FOR INDEMNIFICATION AND CONTRIBUTION</u>
## <u>AGAINST SOLE CITY, INC. AND SAFDEYE</u>

The Defendant/Cross-Claimant seeks indemnification and contribution from the Defendants Sole City, Inc. and Solomon Safdeye, for any and all sums for which the Defendant, Marc Dolce, is held liable as a result of any judgment or order obtained by the Plaintiff against him.

Albert Buzzetti, Esq. (AB3114)
Albert Buzzetti & Associates, LLC
2 Penn Plaza
Suite 1500
New York, New York 10121
(212) 564-9009