UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FULL CREATIVE, LTD. d/b/a I.C.B.                :
ASIA, CO., LTD.,                                :      04 Civ. 02907
                                                :      (RJH)(GWG)
                **Plaintiff,**            :
                                                :
-   against –                                    :
                                                :
SOLE CITY, INC., SOLOMON SAFDEYE,               :
ALAN KANDALL, JEFFREY BERNSTEIN                 :
And MARC DOLCE,                                 :
                                                :
                **Defendants.**           :
------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD AND FOURTH CLAIMS FOR RELIEF**


**Preliminary Statement**

      Defendants Sole City, Inc. ("Sole City"), Solomon Safdeye ("Safdeye") and Alan Kandall ("Kandall"), (collectively, the "Defendants"), submit this Memorandum of Law in support of their motion pursuant to F.R.C.P. 12(b)(6) to dismiss the third and fourth claims for fraud and negligent representation asserted by plaintiff Full Creative, Ltd. d/b/a I.C.B. Asia, Co., Ltd. (the "Plaintiff"), and for such other and further relief as the Court deems just, proper and equitable.

      Plaintiffs' claims for fraud and negligent misrepresentation are nothing more than a "dressed up" contract claim, asserted for the sole purpose of improperly including individual defendants and extracting punitive damages in this garden variety breach of contract case. However, the law of this State prohibits Plaintiff from transforming its breach of contract claim into one for fraud where, as here, the alleged misrepresentations are not collateral to the parties'

#204344.1

agreement, there is no legal duty between the parties other than that created by contract, and no special damages are sought as a result of the alleged misrepresentations. Therefore, even assuming that Plaintiff's allegations are true, its fraud and negligent misrepresentation claims must be dismissed as a matter of law.

## Statement of Facts

Upon a motion to dismiss pursuant to F.R.C.P. 12(b)(6), the Court should accept all well-pleaded factual assertions as true. See, e.g., Gucci America, Inc. v. Duty Free Apparel, Ltd., 277 F.Supp.2d 269, 272 (S.D.N.Y. 2003). The factual allegations relevant to this motion are set forth in the complaint, to which the Court is respectfully referred, and may be summarized briefly as follows.

Plaintiff is a Taiwanese corporation engaged in the business of manufacturing branded footwear. (Complaint at par. 5). Defendant Sole City is a domestic corporation engaged in the business of manufacturing and selling branded footwear to national and regional retailers throughout the United States and Canada. (Complaint at par. 6). Safdeye is the President and sole shareholder of Sole City, and Kandall is the Chief Financial Officer of Sole City. (Complaint at par. 7 and 8).

On or about September 1, 2002, Sole City and an entity known as Innovative Custom Brands, Intl., Inc. ("ICB US") entered into a license agreement (the "License Agreement") whereby ICB US granted to Sole City an exclusive right to use the trademark TROOP in connection with the sale of footwear in the United States. (Complaint at par. 13). Pursuant to Article 2 of the License Agreement, Sole City was required to purchase all goods branded with the TROOP trademark from ICB US or its designee. Although the License Agreement does not

#204344.1                                2

address the issue, Plaintiff alleges that Plaintiff was "ICB US's designee to manufacture all Licensed Products pursuant to the License Agreement." (Complaint at par. 14).

In paragraph 16 of the Complaint, Plaintiff alleges that "between March and December 2003, Sole City ordered and accepted delivery [from Plaintiff] of approximately 110,000 pairs of Licensed Product having an invoice value in excess of $1,700,000" and that "[t]o date, Plaintiff is owed approximately $1,300,000 for Licensed Products ordered and accepted by Sole City, plus more than $60,000 for sample and production molds Plaintiff manufactured at [Sole City's] behest."

Based upon the foregoing, as well as Plaintiff's conclusory allegations that Sole City is the "alter ego" of Safdeye, Plaintiff asserts a first claim for relief against defendants Sole City and Safdeye for breach of contract in the amount of approximately $1,400,000.

However, in a dubious effort to create another avenue of recovery for the identical damages, Plaintiff also asserts a third and fourth claim for relief against each of the Defendants for fraud and negligent misrepresentation, which claims are directly related to and arise from Sole City's alleged breach of contract. In support of its causes of action for fraud and misrepresentation, Plaintiff alleges that from September 2003 through February 2004, "Defendants made material misrepresentations to Plaintiff concerning Sole City's intent and ability to make the payments due [under the parties' contract]." (Complaint at par. 67). The following alleged misrepresentations form the basis for Plaintiff's fraud and negligent misrepresentation claims:

- "Kandall falsely assured [Plaintiff] that Sole City would pay what it owed, and told [Plaintiff] that he was working with Sole City's bank to secure financing to pay Plaintiff's outstanding invoices." (Complaint at par. 19);

#204344.1                                3

- "Safdeye acknowledged Sole City's debt to Plaintiff and falsely promised [Plaintiff] that Sole City would pay Plaintiff…$200,000 per month until the entire outstanding balance was satisfied." (Complaint at par. 20);

- "Kandall falsely represented to ICB US…that Sole City did not have the necessary funds to make the payments promised by Safdeye." (Complaint at par. 22);

- "Kandall told…[Plaintiff] that Sole City would…use the proceeds of the sale of the [Licensed Products] to make substantial monthly payments to Plaintiff…" (Complaint at par. 24);

- "Safdeye falsely represented that Sole City did not have the money to make the payments proposed by Kandall…" (Complaint at par. 25);

- "Defendants continued throughout the month of December 2003 to present ICB with one fraudulent proposal after another as to how and when the debt to Plaintiff would be paid." (Complaint at par. 26);

- "Bernstein and Kandall again misrepresented to [Plaintiff] that Sole City lacked the funds to pay Plaintiff's invoices, but assured [Plaintiff] that Safdeye was going to pledge one of his two houses as security to finance the payment of Sole City's debt." (Complaint at par. 29);

- "Bernstein and Kandall [represented] that Sole City would begin paying Plaintiff a minimum of $100,000 per month in January 2004." (Complaint at par. 30);

- "Safdeye and Kandall again falsely represented to [Plaintiff] that Sole City lacked the financial wherewithal to make any further payments." (Complaint at par. 30); and

- "Defendants made repeated false promises to pay and repeatedly misrepresented Sole City's financial condition…" (Complaint at par. 34);

Plaintiff further alleges that it relied on the foregoing representations by foregoing action "to collect the outstanding debts" and by continuing "to ship Licensed Products to Sole City." (Complaint at par. 68).[1]

---

[1] However, it is difficult to imagine that Plaintiff "forestalled action to collect the outstanding debts" and "continued to ship Licensed Products to Sole City" based upon Defendants' alleged repeated misrepresentations that Sole City <u>lacked</u> the funds necessary to pay such outstanding debts.

Accepting as true all of the allegations contained in Plaintiff's complaint, and drawing all inferences in its favor, Plaintiff's claims for fraud and negligent misrepresentation must nonetheless be dismissed as a matter of law.

**Argument**

I. **PLAINTIFF'S CLAIMS FOR FRAUD AND NEGLIGENT MISREPRESENTATION MUST BE DISMISSED BECAUSE THEY ARE REDUNDANT OF ITS CLAIM FOR BREACH OF CONTRACT**

Plaintiff's claims for fraud and negligent representation fail as a matter of law because they are qualitatively equivalent to its breach of contract claim. It is the well established law of this State that "a cause of action seeking damages for fraud cannot be sustained when the only fraud charged relates to a breach of contract." A. Lorenzo Barroso, S.A. v. Polymer Research Corp. of America, 80 F.Supp.2d 39, 44 (E.D.N.Y. 1999). See also, McKernin v. Fanny Farmer Candy Shops, Inc., 176 A.D.2d 233, 234, 574 N.Y.S.2d 58, 59 (2d Dep't 1991) (where a fraud claim "is premised upon an alleged breach of contractual duties…a cause of action sounding in fraud does not lie"); Metropolitan Transp. Auth. v. Triumph Advertising Productions, 116 A.D.2d 526, 527, 497 N.Y.S.2d 673, 675 (1st Dep't 1986) (fraud claim dismissed where claim "alleged only a breach of the representation of performance implicit in [agreement] and a subsequent assurance of performance by the defendant").[2]

Thus, in order to maintain a claim for fraud where a contract exists between the parties, a plaintiff must demonstrate, in addition to the traditional elements of fraud, either: (a) a legal duty separate from the duty to perform under the contract; or (b) a fraudulent misrepresentation collateral or extraneous to the contract; or (c) special damages that are caused by the

---

[2] "The rationale for this rule is that a party need not be expressing an unconditional intention to perform by contracting, and may instead be expressing an intention either to perform or suffer the ordinary contractual consequences for breach." Vtech Holdings Ltd. v. Lucent Technologies, Inc., 172 F.Supp.2d 435, 439 (S.D.N.Y. 2001) (citations omitted).

misrepresentation and unrecoverable as contract damages. Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13 (2d Cir. 1996) (citations omitted). Based upon Bridgestone and its progeny, Plaintiff has not, and cannot, allege any of the requirements necessary to sustain its fraud claim.

In Bridgestone, the plaintiff and defendants entered into a contract whereby defendants agreed to perform certain collection services on behalf of plaintiff. In support of its fraud claim, Plaintiff alleged that after the execution of the contract, defendants misrepresented that they intended to perform their obligation to turnover all monies collected on behalf of plaintiff and that defendants transmitted several checks to plaintiff, knowing that there were insufficient funds on deposit to pay the checks. Notwithstanding the above, the Court of Appeals vacated a judgment for plaintiff on the fraud claim, holding that:

> [w]e may assume that these representations were intended to lull plaintiff into a false sense of security and that they did so to plaintiff's detriment. However, these facts amount to little more than intentionally false statements by defendant, indicating his intent to perform under the contract. That is not sufficient to support a claim for fraud under New York law.

98 F.3d at 19-20.

Similarly, in Turnbull v. Kling, 1999 U.S. Dist. LEXIS 13056 (S.D.N.Y. 1999), plaintiff alleged that he was fraudulently induced into entering into a settlement agreement as a result of defendant's misrepresentation that defendant's employer was "about to obtain funding that would permit [defendant's employer] to pay the settlement agreement and that the settlement agreement would be paid within a matter of weeks." Defendant's employer subsequently failed to make any payments required by the settlement agreement, and plaintiff sued defendant for fraud. Relying on the general proposition that a contract claim cannot be transformed into a fraud claim espoused in Bridgestone, the Court dismissed the fraud claim, holding that:

#204344.1                                6

> [t]his is a classic example of a contract claim disguised as fraud…defendant's financing representation was simply a promise that [defendant's employer] would be in a position to pay plaintiff $50,000 after January 1, 1999…The allegation of fraud…is based entirely on [defendant's employer's] failure to make payments to plaintiff as required under the Settlement Agreement. I find that the [fraud] [c]laim is nothing more than a breach of contract claim against [defendant's employer], and therefore, it cannot properly form the basis for a fraud claim against defendant.

1999 U.S. Dist. LEXIS 13056 at 11.

In Beeland Interests, Inc. v. Armstrong, 2000 U.S. Dist. LEXIS 13741 (S.D.N.Y. 2000), the Court had further occasion to apply the principles set forth in both Bridgestone and Turnbull. In Beeland, the plaintiff sued defendant for fraud, alleging that subsequent to the parties' contract to produce a film, defendant misrepresented that it was "not working on anything but the film," and that plaintiff relied on such misrepresentations in making advance payments for the film. The court dismissed plaintiff's fraud claims, holding that:

> [p]laintiff's putative fraud claim here is indistinguishable from the fraud claims asserted in Bridgestone/Firestone and Trunbull… **Bridgestone/Firestone and Turnbull teaches that a misrepresentation concerning the availability of the assets necessary to perform the contract does not give rise to a fraud claim…Indeed, if non-disclosure of a promisor's post-formation inability, unwillingness or disinclination to perform his promise gives rise to a fraud claim, any breach of contract claim could be converted into a fraud claim. Thus, even if I assume a duty to disclose these facts, they are not collateral to the contract and cannot, therefore, support a claim for fraud**.

2000 U.S. Dist. LEXIS at 7. (Emphasis added).

More recently, New York federal courts have refused to sustain a fraud claim based upon alleged misrepresentations concerning a party's willingness or ability to pay a contractual obligation. For example, in Frontier-Kemper Constructors, Inc. v. American Rock Salt Company, 224 F.Supp.2d 520, 531 (W.D.N.Y. 2002) the Court dismissed a fraud claim, holding that, "[t]he Court is not aware of, nor has plaintiff cited to, a single court decision, from any

jurisdiction, in which a party to a contract negotiation was held liable for fraud because it misrepresented the amount it was willing or able to pay." The Court further held that:

> [t]his is not a claim for fraudulent inducement, since defendant did not make the alleged misrepresentations until after the agreement was signed, nor are the alleged misrepresentations collateral to the agreement…Rather, this is a situation where, after the agreement was signed, the defendant allegedly made fraudulent statements that it was performing the contract, when it had allegedly had breached the contract. In Bridgestone/Firestone, the Second Circuit held that such statements are not sufficient to state a claim for fraud under the law of New York.

224 F.Supp.2d at 537, citing, John Paul Mitchell Systems v. Quality King Distributors, Inc., 2001 U.S. Dist. LEXIS 11587 at 5 (S.D.N.Y. 2001) ("intentionally false statements to conceal a breach of contract do not give rise to an action for fraud").

Here, the same operative facts give rise to Plaintiff's causes of action for breach of contract and fraud, namely, the failure to pay for goods sold and delivered. Defendants' alleged misrepresentations concerning Sole City's intent and ability to perform its obligations under the License Agreement are clearly not extraneous or collateral to that agreement. To the contrary, such representations are directly related to, and are premised upon, Defendants' alleged contractual obligations. Moreover, Plaintiff does not allege that a legal duty exists which is separate from the duty to perform pursuant to the License Agreement. Finally, Plaintiff does not plead or seek special damages as a result of the alleged misrepresentations. Thus, the harm Plaintiff has suffered appears to be the same which it attributes to Defendants' alleged breach of contract.

Under these circumstances, Plaintiff's fraud claims are merely redundant of its contract claims and are not separately cognizable under New York law. See, Ladenburg Thalmann & Co., Inc. v. Imaging Diagnostic Systems, Inc., 176 F.Supp.2d 199 (S.D.N.Y. 2001) (plaintiff's fraud claims dismissed as redundant where "[t]he same operative facts give rise to both causes of

action,…the harm [plaintiff] suffered appears to be the same damages it attributes to the alleged [breach of contract]"); Log on America, Inc. v. Promethean Asset management L.L.C., 223 F.Supp.2d 435, 450 (S.D.N.Y. 2001) (fraud claims dismissed where "no duty…existed between [the parties] apart from the duty to perform pursuant to the Agreement,…each of the misrepresentations…is based upon the…Agreement, [and] [p]laintiffs do not seek special damages as a result of the alleged misrepresentations"); Macquesten General Contracting, Inc. v. HCE, Inc., 191 F.Supp.2d 407, 410 (S.D.N.Y. 2002) (fraud claims dismissed where "[defendant's] duty to pay is firmly rooted in…the agreement and [does not]…arise apart from the underlying obligations in the operative agreement,…the representations squarely addressed contractual obligations[, and] damages for these alleged representations may be recoverable…through [plaintiff's] breach of contract claim").[3]

---

[3] "The rule concerning fraud also applies in the context of negligent misrepresentation." A. Lorenzo Barroso, S.A. v. Polymer Research Corp. of America, 80 F.Supp.2d 39, 44 (E.D.N.Y. 1999).

#204344.1                                      9

**Conclusion**

For all of the foregoing reasons and principles of law, Plaintiff's Third and Fourth Claims for Relief, for fraud and negligent misrepresentation, respectively, must be dismissed, with prejudice.

                    Respectfully submitted,

                    KANE KESSLER, P.C.

                    By: _____s/S. Reid Kahn_____
                         S. Reid Kahn (SRK-1458)
                    Attorneys for Defendants Sole City, Inc.,
                     Solomon Safdeye and Alan Kandall
                    1350 Avenue of the Americas
                    New York, New York 10019
                    (212) 541-6222

Of Counsel:

Dana M. Susman

*THIS DOCUMENT HAS BEEN FILED ELECTRONICALLY*

**TABLE OF CONTENTS**

Preliminary Statement ................................................................................................................ 1

Statement of Facts ..................................................................................................................... 2

Argument ................................................................................................................................... 5

I.   PLAINTIFF'S CLAIMS FOR FRAUD AND NEGLIGENT
     MISREPRESENTATION MUST BE DISMISSED BECAUSE
     THEY ARE REDUNDANT OF ITS CLAIM FOR BREACH OF CONTRACT ............. 5

Conclusion ................................................................................................................................ 10