S. Reid Kahn, Esq. (SRK-1458)
Dana M. Susman, Esq. (DMS-5436)
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

**Attorneys for Defendants**
   **Sole City, Inc. and Solomon Safdeye**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| FULL CREATIVE, LTD. d/b/a I.C.B. ASIA, CO., LTD., | : | 04 Civ. 2907 (RJH)(GWG) |
| Plaintiff, | : | **ANSWER** |
| - against – | : | |
| SOLE CITY, INC., SOLOMON SAFDEYE, ALAN KANDALL, JEFFREY BERNSTEIN and MARC DOLCE, | : | |
| Defendants. | : | |

-----------------------------------------------------------x

Defendants Sole City, Inc. and Solomon Safdeye (the "Defendants"), by their attorneys,

Kane Kessler, P.C., as and for their answer to the Complaint of plaintiff Full Creative, Ltd. d/b/a

I.C.B. Asia, Co., Ltd. (the "Plaintiff") hereby alleges as follows:

## NATURE OF THE ACTION

1.     Deny each and every allegation contained in paragraph 1 of the Complaint, except

deny knowledge or information sufficient to form a belief as to the truth of the allegation that

"Plaintiff asserts claims for breach of contract, accounts stated, fraud, negligent

misrepresentation and unjust enrichment in violation of, and pursuant to, the laws of the State of

New York."

#210627.1

2.      Deny each and every allegation contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

## THE PARTIES

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Deny each and every allegation contained in paragraph 6 of the Complaint, except admit that Defendant Sole City is a Delaware corporation.

7.      Deny each and every allegation contained in paragraph 7 of the Complaint, except admit that Defendant Safdeye is an individual residing in the State of New York and is the President and sole shareholder of Defendant Sole City.

8.      Deny each and every allegation contained in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except deny that defendant Bernstein is the Chief Operating Officer of defendant Sole City.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admit that defendant Dolce is a former employee of defendant Sole City.

## BACKGROUND

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     Deny each and every allegation contained in paragraph 13 of the Complaint, except admit that on or about September 1, 2002, ICB US and defendant Sole City entered into an agreement, and respectfully refers the Court to the referenced document for its specific contents.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and respectfully refers all legal issues to the Court for its determination.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admit that in or around March 2003, defendant Sole City commenced ordering certain products pursuant to its agreement with ICB US.

16.     Deny each and every allegation contained in paragraph 16 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "[b]etween March and December 2003, Sole City ordered and accepted delivery of approximately 110,000 pairs of Licensed Product having an invoice value in excess of $1,700,000."

## FRAUDULENT PROMISES TO PAY

17.     Deny each and every allegation contained in paragraph 17 of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.    Deny each and every allegation contained in paragraph 19 of the Complaint.

20.    Deny each and every allegation contained in paragraph 20 of the Complaint, except admit that in or around October 2003, Defendant Safdeye had a conversation with Daniel Chen concerning various business matters.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.    Deny each and every allegation contained in paragraph 22 of the Complaint.

23.    Deny each and every allegation contained in paragraph 23 of the Complaint.

24.    Deny each and every allegation contained in paragraph 24 of the Complaint.

25.    Deny each and every allegation contained in paragraph 25 of the Complaint.

26.    Deny each and every allegation contained in paragraph 26 of the Complaint.

27.    Deny each and every allegation contained in paragraph 27 of the Complaint.

28.    Deny each and every allegation contained in paragraph 28 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Kandall advised Plaintiff "that Sole City's bank would not permit the sale of proceeds to be disbursed to Plaintiff because of Sole City's purportedly poor financial condition."

29.    Deny each and every allegation contained in paragraph 29 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Kandall and Bernstein "assured Featherstone that Safdeye was going to pledge one of his two houses as security to finance the payment of Sole City's debt."

30.    Deny each and every allegation contained in paragraph 20 of the Complaint, except admit that in January 2004, defendant Sole City paid to Plaintiff the amount of approximately $50,000, and that in February 2004, defendant Sole City paid to Plaintiff the amount of approximately $50,000.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.    Deny each and every allegation contained in paragraph 32 of the Complaint.

33.    Deny each and every allegation contained in paragraph 33 of the Complaint, except admit that defendant Sole City engaged in activities in an effort to market and promote its products and maximize its revenues.

34.    Deny each and every allegation contained in paragraph 34 of the Complaint.

35.    Deny each and every allegation contained in paragraph 35 of the Complaint, except admit that Plaintiff demanded payment from defendant Sole City.

36.    Deny each and every allegation contained in paragraph 36 of the Complaint, except admit that on or about March 12, 2004, Plaintiff sent a letter to defendant Sole City, and respectfully refer the Court to the referenced document for its specific contents.

## THE LUDACRIS CONTRACT

37.    Admit the allegations contained in paragraph 37 of the Complaint.

38.    Deny each and every allegation contained in paragraph 38 of the Complaint.

39.    Deny each and every allegation contained in paragraph 39 of the Complaint, except admit that on or about September 16, 2003, defendant Sole City sent a letter to ICB, and respectfully refer the Court to the referenced document for its specific contents.

40.     Deny each and every the allegations contained in paragraph 40 of the Complaint, except admit that in or around September 2003, ICB US delivered a check to defendant Sole City in the amount of approximately $62,500 and a letter dated September 30, 2003 was sent to ICB US under defendant Kandall's signature, and respectfully refer the Court to the referenced documents for their specific contents.

41.     Deny each and every allegation contained in paragraph 41 of the Complaint, except admit that defendant Dolce engaged in certain activities to develop and market a footwear line under the "Ludacris" name.

42.     Deny each and every allegation contained in paragraph 42 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that "ICB expended significant resources working with Defendants to design the new product line and plan its promotion" and that "Plaintiff also expended significant resources to design and produce production molds for the new co-branded footwear, and to manufacture sample product to be delivered to Ludacris for his personal use."

43.     Deny each and every allegation contained in paragraph 43 of the Complaint.

44.     Deny each and every allegation contained in paragraph 44 of the Complaint.

45.     Deny each and every allegation contained in paragraph 45 of the Complaint.

46.     Deny each and every allegation contained in paragraph 46 of the Complaint.

47.     Deny each and every allegation contained in paragraph 47 of the Complaint.

48.     Deny each and every allegation contained in paragraph 48 of the Complaint.

**MULTIPLE BREACHES OF THE TROOP LICENSE**

49.     Deny each and every allegation contained in paragraph 49 of the Complaint.

50.    Deny each and every allegation contained in paragraph 50 of the Complaint, except admit that by letter dated March 24, 2004, Plaintiff purported to terminate the TROOP license agreement, and respectfully refer the Court to the referenced document for its specific contents.

## FIRST CLAIM FOR RELIEF
### Breach of Contract Against Defendants Sole City and Safdeye

51.    Answering paragraph 51, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 50 of the Complaint, as if more fully set forth at length herein.

52.    Deny each and every allegation contained in paragraph 52 of the Complaint.

53.    Deny each and every allegation contained in paragraph 53 of the Complaint.

54.    Deny each and every allegation contained in paragraph 54 of the Complaint, and refer the Court to the referenced documents for their specific contents.

55.    Deny each and every allegation contained in paragraph 55 of the Complaint, and refer the Court to the referenced documents for their specific contents.

56.    Deny each and every allegation contained in paragraph 56 of the Complaint.

57.    Deny each and every allegation contained in paragraph 57 of the Complaint.

## SECOND CLAIM FOR RELIEF
### Accounts Stated Against Defendants Sole City ad Safdeye

58.    Answering paragraph 58, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 57 of the Complaint, as if more fully set forth at length herein.

59.    Deny each and every allegation contained in paragraph 59 of the Complaint.

60.    Deny each and every allegation contained in paragraph 60 of the Complaint.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62.    Deny each and every allegation contained in paragraph 62 of the Complaint.

63.    Deny each and every allegation contained in paragraph 63 of the Complaint, except admit that defendant Safdeye has made no payment of any invoices purportedly sent to defendant Sole City by Plaintiff.

64.    Deny each and every allegation contained in paragraph 64 of the Complaint.

### THIRD CLAIM FOR RELIEF
### Fraud Against All Defendants

65.    Answering paragraph 65, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 64 of the Complaint, as if more fully set forth herein.

66.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67.    Deny each and every allegation contained in paragraph 67 of the Complaint.

68.    Deny each and every allegation contained in paragraph 67 of the Complaint.

69.    Deny each and every allegation contained in paragraph 69 of the Complaint.

70.    Deny each and every allegation contained in paragraph 70 of the Complaint.

71.    Deny each and every allegation contained in paragraph 71 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### Negligent Misrepresentation Against Defendants Sole City and Safdeye

72.    Answering paragraph 72, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 71 of the Complaint, as if more fully set forth herein.

73.     Deny each and every allegation contained in paragraph 73 of the Complaint.

74.     Deny each and every allegation contained in paragraph 74 of the Complaint.

75.     Deny each and every allegation contained in paragraph 75 of the Complaint.

76.     Deny each and every allegation contained in paragraph 76 of the Complaint.

77.     Deny each and every allegation contained in paragraph 77 of the Complaint.

78.     Deny each and every allegation contained in paragraph 78 of the Complaint.

79.     Deny each and every allegation contained in paragraph 79 of the Complaint.

80.     Deny each and every allegation contained in paragraph 80 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**<u>Unjust Enrichment Against Defendants Sole City and Safdeye</u>**

81.     Answering paragraph 81, Defendants repeat and reallege their response to the allegations contained in paragraphs 1 through 80 of the Complaint, as if more fully set forth at length herein.

82.     Deny each and every allegation contained in paragraph 82 of the Complaint.

83.     Deny each and every allegation contained in paragraph 83 of the Complaint.

84.     Deny each and every allegation contained in paragraph 84 of the Complaint.

85.     Deny each and every allegation contained in paragraph 85 of the Complaint.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

86.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

87.     Plaintiff's claims are barred by the doctrines of unclean hands, waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

88.    Plaintiff's claims for breach of contract are barred because there is no privity between Plaintiff and any of the defendants.

## FOURTH AFFIRMATIVE DEFENSE

89.    Plaintiff's claims for fraud fail to meet the particularity requirement of CPLR 3016(a).

## FIFTH AFFIRMATIVE DEFENSE

90.    Plaintiff's claims against defendant Safdeye are barred, because at all relevant times, defendant Safdeye acted in his representative capacity as President of defendant Sole City, and not in his individual capacity.

## SIXTH AFFIRMATIVE DEFENSE

91.    Plaintiff's claims against Defendant Safdeye are barred, because at all relevant times, defendant Sole City maintained all appropriate corporate formalities and was maintained as an entity separate and distinct from its individual shareholders.

## SIXTH AFFIRMATIVE DEFENSE

92.    Plaintiff's claims against Defendant Safdeye are barred, because at all relevant times, defendant Safdeye was agent for a disclosure principal.

**WHEREFORE**, defendants Sole City, Inc. and Solomon Safdeye hereby demand judgment dismissing the complaint of plaintiff Full Creative, Ltd. d/b/a/ I.C.B. Asia, Co., Ltd. and all claims asserted against each of them therein, in its entirety, with prejudice, as well as the costs and disbursements of this action, including attorneys fees, together with such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
       September 7, 2004

                              **KANE KESSLER, P.C.**

                              By:_____
                                  Dana M. Susman, Esq. (DMS-5436)
                              Attorneys for Defendants
                              Sole City, Inc. and Solomon Safdeye
                              1350 Avenue of the Americas
                              New York, New York 10019
                              (212) 541-6222

TO:    **GURSKY & PARTNERS, LLP**
       Attorneys for Plaintiff
       1350 Broadway, 11th Floor
       New York, New York 10018
       (212) 904-1234

#210627.1                         11

## AFFIDAVIT OF SERVICE BY REGULAR MAIL

STATE OF NEW YORK )
                    )ss.:
COUNTY OF NEW YORK )

       I, **Nellya Dym**, being duly sworn, say:

       I am not a party to the within action, am over 18 years of age, and reside in Brooklyn, New York.

       On September 7, 2004, I served the within:

### ANSWER

by delivering a true copy hereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following:

*Gursky & Partners, LLP*
  Attorneys for Plaintiff
1350 Broadway, 11th Floor
New York, New York 10018

                                        _____
                                       Nellya Dym

Sworn to before me this
7th day of September, 2004.

_____
Notary Public

Maria Mahon
Notary Public
01MA5074058
Exp 03/10/2007
State of New York

#204488.1