Esther S. Trakinski (ET 7791)
Ira S. Sacks (IS 2861)
Gursky & Partners, LLP
1350 Broadway, 11th Floor
New York, NY 10018
(212) 904-1234

Attorneys for Plaintiffs
Full Creative, Ltd. d/b/a
I.C.B. Asia, Co., Ltd. and
Innovative Custom Brands Intl., Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
FULL CREATIVE, LTD. d/b/a I.C.B. ASIA, CO., LTD.,

           Plaintiff,

    - against -

SOLE CITY, INC., SOLOMON SAFDEYE,
ALAN KANDALL, JEFFREY BERNSTEIN and
MARC DOLCE,

           Defendants.
---------------------------------------------------------------x
INNOVATIVE CUSTOM BRANDS INTL., INC.,

           Plaintiff,

    against -

SOLE CITY, INC., SOLOMON SAFDEYE,
ALAN KANDALL, JEFFREY BERNSTEIN and
MARC DOLCE,

           Defendants.
--------x

04 Civ. 2907 (RJH)(GWG)
*Action No. 1*

**DECLARATION OF
<u>ESTHER S. TRAKINSKI</u>**

4 CV 2937 (RJH)
*Action No. 2*

      ESTHER S. TRAKINSKI declares as follows under penalty of perjury

pursuant to 28 U.S.C. § 1746:

1. I am admitted to practice before the Courts of this State and am Of Counsel to the law firm of Gursky & Partners, LLP, attorneys for Plaintiff Full Creative, Ltd. d/b/a I.C.B. Asia, Co. ("ICB Asia"), Ltd. in the action styled *Full Creative, Ltd. v. Sole City, Inc., et al*, 04 Civ. 2907 (RJH)(GWG) ("Action 1"), and Plaintiff Innovative Custom Brands, Intl., Inc. ("ICB") in the action styled *Innovative Custom Brands, Intl., Inc. v. Sole City, Inc., et al*, 04 Civ. 2937 (RJH)(GWG) ("Action 2").

2. I submit this Declaration (i) in opposition to the motion of Kane Kessler, P.C.'s ("Kane Kessler") to be relieved as counsel for Defendant Sole City, Inc. ("Sole City"); and (ii) in support of Plaintiffs' Motion to Compel Discovery.

3. Action 1 arises out of the failure by Defendant Sole City to pay Plaintiff ICB Asia, a footwear manufacturer, approximately $1,400,000 for TROOP branded footwear Sole City purchased from ICB Asia between March and December 2003. Other than providing a formulaic denial of the allegations in its Answer, Defendant Sole City does not dispute—nor can it—the validity of its debt to ICB Asia, a fact acknowledged by Sole City's counsel early on in the litigation.

4. Action 2 arises out of Sole City's infringement of ICB's TROOP trademarks when Sole City continued to use the TROOP trademark in commerce following termination of the License Agreement governing Sole City's use of the mark. This matter is the subject of a pending motion to dismiss.

<u>Kane Kessler's' Motion to be Relieved</u>

5. Plaintiffs do not object to Kane Kessler's motion to be relieved as counsel for the individual defendant Salomon Safdeye. However, Plaintiffs do object to Kane

2

Kessler's request to be relieved as counsel for Defendant Sole City on the grounds that no substitute counsel has been named, nor does it appear that Sole City plans to do so.

6. In his Affidavit in support of Kane Kessler's Motion, S. Reid Kahn states that Kane Kessler's request to be relieved is necessitated by the fact that Defendant Sole City is no longer in business and that Safdeye, Sole City's sole shareholder, has informed the firm that the company has no assets to pay legal fees. (Kahn Aff. ¶ 14)

7. Presumably, it is because of its purportedly poor financial condition Sole City intends to retain substitute counsel. Its current counsel has indicated that Sole City plans to proceed *pro se,* represented by its principal, Safdeye.

8. It is well settled, however, that "a corporation may only appear in federal court through a licensed lawyer" and cannot be represented *pro se* by its principal. *Pecarsky v. Galaxiworld.com, Limited* 249 F.3d 167, 172 (2d Cir. 2001). *See also, Shapiro Bernstein & Co. v Continental Record Co., Inc.*, 356 F.2d 426 (2d Cir. 1967); *Silverman v. RTV Communications Group, Inc.*, 2002 WL 483421 at *1n.1 (S.D.N.Y. March 28, 2002).

9. Thus, Kane Kessler's motion to be relieved as Sole City's counsel should be denied, subject to renewal upon Notice of Appearance being filed by substitute counsel. Moreover, given that (i) substantial resources have already been expended in pursuing Plaintiffs claims; (ii) Sole City does not and cannot dispute the validity of ICB Asia's claims in Action 1; and (iii) Sole City apparently does not intend to mount a meaningful defense in either action, Plaintiffs respectfully request that if Sole City fails to obtain

substitute counsel within 30 days of entry of the Court's Order, a default judgment be entered against Sole City in these Actions.

**Motion to Compel**

10. On July 16, 2004, the Court ordered Defendants to respond to Plaintiffs' First Request for Production of Documents and Things within 15 days, i.e. by the end of July. Although Defendants did eventually provide Plaintiffs with approximately 3,000 pages of financial documents, this production consisted principally of a print out of Sole City's general ledger, and was thus incomplete.

11. Missing are all of Sole City's principal electronic bookkeeping records, which include the general ledger, as well as various other related ledgers and databases. Mr. Kahn has informed me that Sole City's electronic records are currently located at Kane Kessler's offices and that they have not been produced to Plaintiffs because counsel has not reviewed them. Plaintiffs assume that this is because Safdeye has instructed Kane Kessler to "take no further action which would result in any financial liability to him for attorneys' fees." (Kahn Aff. ¶ 14)

12. We have retained forensic accounting experts to analyze Sole City's business and to evaluate Sole City's claims of financial distress and have been advised that the complete electronic records are required to analyze the expenses, cash flows, and other financial activities of the company. We have been further advised by these experts that the hard copy of the general ledger, without the other related records, at best provides an incomplete picture. What is more, because working with these paper records is significantly more labor intensive than working with electronic records, the fees

4

associated with analyzing the hard copy general ledger will be substantially greater than those associated with the analysis of the electronic records. Thus, it is also imperative from the standpoint of efficiency that the source electronic records be provided to Plaintiffs forth with.

13   While Plaintiffs appreciate the difficulty of Kane Kessler's position in this situation, Plaintiffs should not be prejudiced by this turn of events. Accordingly, Plaintiffs respectfully request that Defendants and Kane Kessler be ordered to immediately produce Sole City's electronic records to Plaintiffs upon entry of an Order by this Court.

14.   In light of the facts that the records are in counsel's possession and Kane Kessler has requested to be relieved as counsel, it was necessary to bring the matter of production of the electronic records by Kane Kessler to this Court's attention in the context of counsel's motion, rather than to make a separate motion before Magistrate Judge Gabriel W. Gorenstein.

5. For the forgoing reasons, Plaintiffs respectfully request that the Court enter an Order (i) denying Kane Kessler's Motion to be Relieved as Counsel for Defendant Sole City pending the appearance of substitute counsel; (ii) granting Plaintiffs a default judgment in Action and Action 2 if Sole City fails to obtain substitute counsel within 30 days of entry of the Court's Order: and (iii) compelling Defendants and Kane Kessler to produce Sole City's electronic records to Plaintiffs immediately upon entry of the Court's Order.

Dated: New York, New York
　　　　October 19, 2004

_____
Esther S. Trakinski , Esq.