S. Reid Kahn, Esq. (SRK-1458)
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Attorneys for Defendants
   Sole City, Inc., Solomon Safdeye and Alan Kandall

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FULL CREATIVE, LTD. d/b/a I.C.B.         :
ASIA, CO., LTD.,                         :     04 Civ. 2907 (RJH)(GWG)
                                         :     *Action No. 1*
              **Plaintiff,**              :
                                         :
       - against -                        :     **AFFIDAVIT**
                                         :
SOLE CITY, INC., SOLOMON                 :
SAFDEYE, ALAN KANDALL, JEFFREY           :
BERNSTEIN and MARC DOLCE                 :
                                         :
              **Defendants.**             :
-----------------------------------------------------------------x
INNOVATIVE CUSTOM BRANDS INTL., INC.,    :
                                         :     4 CV 2937 (RJH)
              **Plaintiff,**              :     *Action No. 2*
       -against-                          :
                                         :
SOLE CITY, INC., SOLOMON SAFDEYE,        :
ALAN KANDALL, JEFFREY BERNSTEIN          :
and MARC DOLCE,                          :
                                         :
              **Defendants.**             :
-----------------------------------------------------------------x

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK)


      S. REID KAHN, ESQ., being duly sworn, deposes and says:

#213135.2

1. I am an attorney at law of the State of New York and I am a member of the law firm of Kane Kessler, P.C. ("Kane Kessler"), attorneys for defendants Sole City, Inc. ("Sole City"), Solomon Safdeye ("Safdeye") and Alan Kandall in the above-referenced matters.

2. I submit this affidavit in reply to the opposition of plaintiffs to the motion of Kane Kessler to be relieved as counsel for Sole City and Safdeye. In addition, this affidavit is submitted in opposition to plaintiffs' motion to compel discovery from Sole City and Safdeye.

## Motion to be Relieved

3. Plaintiffs do not object to Kane Kessler's motion to be relieved as counsel for Safdeye, but they have asserted an objection to the motion to be relieved as counsel for Sole City. The sole basis upon which that objection has been interposed is that no substitute counsel has been named. However, the aforesaid objection is not a sufficient reason to deny the motion.

4. Sole City should be given a reasonable opportunity to retain another attorney to represent it in the pending actions after Kane Kessler is relieved as counsel.

5. Accordingly, Kane Kessler respectfully requests that its motion to be relieved as counsel be granted in its entirety and that Sole City and Safdeye be given thirty (30) days to obtain substitute counsel and that any further proceedings in the actions be stayed during that period of time.

## Motion to Compel

6. In response to plaintiffs' first request for production of documents, Sole City and Safdeye furnished 3,135 pages of financial information.

7. After furnishing the aforesaid documents, Sole City and Safdeye provided to Kane Kessler one CD ROM and ten 4MM data tapes ("Data Tapes") which we believe contain

information relating to the business of Sole City, including, inter alia, financial data, customer lists, inventory, payroll records and pricing information.

8. Kane Kessler has not been able to review any of the Data Tapes since Kane Kessler, Safdeye and Sole City do not possess the proprietary software nor the appropriate hardware to open the documents on the Data Tapes. Consequently, Kane Kessler has been unable to determine whether the tapes contain the information requested by plaintiffs or whether the Data Tapes include privileged or protected proprietary information.

9. Although Kane Kessler is able to access the information on the CD ROM, Sole City and Safdeye have requested that we take no further action which would result in additional financial liability to them for attorney's fees. As a result, Kane Kessler has not reviewed the CD ROM to determine whether it contains information which is privileged, proprietary or not relevant.

10. Based upon the foregoing, we respectfully request that the motion to be relieved as counsel be granted and the motion to compel additional discovery be denied until Sole City and Safdeye have been provided a reasonable opportunity to obtain substitute counsel to review the requested documents.

_____
S. Reid Kahn, Esq.

Sworn to before me this
25th day of October, 2004

_____
Notary Public

DORIS E. GUNTNER
Notary Public, State of New York
No. 01GU4612646
Qualified In Nassau County
Term Expires Dec. 31, 2005

#213135.2

3

## AFFIDAVIT OF SERVICE BY REGULAR MAIL

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK     )

I, **Nilda Centeno**, being duly sworn, say:

I am not a party to the within action, am over 18 years of age, and reside in Brooklyn, New York.

On October 25, 2004, I served the within:

## AFFIDAVIT

by delivering true copies hereof via Federal Express to each of the following:

*Gursky & Partners, LLP*
  Attorneys for Plaintiff
1350 Broadway, 11th Floor
New York, New York 10018

*Sole City, Inc.*
c/o Solomon Safdeye
1115 Ocean Parkway
Brooklyn, New York 11230

*Solomon Safdeye*
1115 Ocean Parkway
Brooklyn, New York 11230

_____
Nilda Centeno

Sworn to before me this
25th day of October, 2004.

_____
Notary Public

DORIS E. GUNTNER
Notary Public, State of New York
No. 01GU4612646
Qualified In Nassau County
Term Expires Dec. 31, 2005

#204488.2