UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

FULL CREATIVE, LTD. d/b/a INNOVATIVE
CUSTOM BRANDS ASIA, CO., LTD.

                      Plaintiffs,

           -against-

SOLE CITY, INC., SOLOMON SAFDEYE,
ALAN KANDALL, JEFFREY BERNSTEIN and
MARC DOLCE

                      Defendants.
------------------------------------------------------------x

Civil Action No.
04 CV 2907 (RJH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/05

**STIPULATION AND PROTECTIVE ORDER
CONCERNING CONFIDENTIALITY OF DISCOVERY MATERIALS**

       IT IS HEREBY STIPULATED AND ORDERED, that to protect the legitimate interests of the parties and other persons (including non-parties) in maintaining the confidentiality of certain sensitive or proprietary information that may be disclosed during the course of this action, the undersigned parties agree and this Court (the "Court") orders as follows:

       1. <u>Designation of Material as Confidential</u>.  Any party to the above-captioned action or other person (including non-party) that provides discovery materials or information (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition, through voluntary disclosure or through some other discovery device) or serves or files any papers in this action (hereinafter, "Material(s)") may designate such Materials as "Confidential." A designation of Confidential shall constitute a representation by the party or person and its counsel that they, in good faith, believe that the material so designated contains or constitutes: trade secrets, confidential research, confidential commercial information and/or could reasonably

1

surrender a competitive advantage or foster a competitive disadvantage, such as secret product formula or secret manufacturing processes. Any party to the above-captioned action may designate as Confidential any Materials produced by any non-party in accordance with the requirements of this paragraph 1, if the Materials are reasonably believed to contain material which is Confidential to the designating party.

2. <u>Information Not Confidential</u>. Information shall not be designated as either Confidential if (a) it is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Stipulation and Protective Order or other obligation of confidentiality; or (b) it is acquired from a non-party in lawful possession of such information and under no obligation to the owner of the information to keep it confidential, unless the non-party producing the information invokes the protections of this Stipulation and Protective Order.

3. <u>Designation of Documents And Other Material as Confidential</u>. Documents, portions of documents, affidavits, answers to interrogatories, responses to requests for admissions and other Materials may be designated as Confidential by stamping or otherwise marking the document, the portion of the document or the Material as Confidential. Each page of Materials containing Confidential information shall be separately designated and stamped or otherwise marked. Documents need not be designated Confidential at the time they are made available for inspection but may be so designated at the time copies are produced. Notwithstanding the other provisions of this agreement, (i) any information, documents and depositions produced or given thus far (or in the future) by Solomon Safdeye or (ii) any information or documents produced thus far (or in the future) by Sole City will be deemed Confidential and protected as such under this agreement.

4. <u>Designation of Deposition Testimony as Confidential</u>. Any party or person may designate any deposition testimony or any portion thereof (including exhibits) as Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any

2

time within ten business days after actual receipt of the deposition transcript by counsel for the designating party or person. All deposition transcripts shall be deemed designated Confidential for the first ten (10) business days following receipt by counsel of such deposition transcripts. The reporter shall also be advised to limit distribution of the transcripts to the parties' counsel and the deponent (or his or her attorney). Upon expiration of such ten (10) day period, all portions of the transcript which shall not have been designated Confidential shall, subject to paragraph 5 below, be deemed not to be protected from disclosure by this Stipulation and Protective Order.

5. <u>Subsequent Designation of Materials As Confidential.</u> Any Material that is produced without being designated Confidential may be so designated, with respect to future disclosure, by the producing party or person or by any other party to the above-captioned case by sending a letter making such designation to each party who has received or produced such material. Disclosure of such material prior to its designation as Confidential shall not violate the terms of this Stipulation and Protective Order, <u>provided</u>, however, that where Material is subsequently designated as Confidential, the non-designating parties shall use their best efforts to retrieve such Material from persons no longer entitled to disclosure of such Materials (if any) and prevent further disclosures except as authorized in this Stipulation and Protective Order.

6. <u>Use of Confidential Material</u>. Confidential Material shall be used only by the non designating party or person in preparation for and conduct of this action (including, but not limited to use in briefs, memoranda, amended pleadings, correspondence and other documents relating thereto) or in pursuit in otherwise protecting a party's rights and shall not be used for any other purpose except upon the prior written consent of the designating party or person or upon prior order of the Court. Nothing in this Stipulation and Protective Order shall prevent any party or person from using or disclosing its own Confidential Material as it deems appropriate. Notwithstanding anything in this Stipulation and Protective Order to the contrary, the designation of material as Confidential shall not

3

prevent a party from a) taking discovery from any entity or individual identified in such material, or b) bringing an action or otherwise pursuing its rights against any entity or individual identified in such material in the event that a party believes, based upon a review of the material, that such individual or entity has violated its rights in a manner related to the allegations in the pleadings herein. In the event such an action is commenced, the Confidential Material may only be utilized to such an extent reasonably necessary to prosecute such action and the party seeking to use the Confidential Material in such action shall in good faith seek a protective order in such other action in order to provide protection similar to that provided in this Protective Order to the disclosure and use of the Material in such other action.

    7. <u>Restrictions on the Disclosure of Material Designated as Confidential</u>. Confidential Material and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

    (a) outside counsel of record and in-house counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

    (b) those persons who are either a party, officer, employee, and/or agent of a party that are reasonably necessary to assist a party in the conduct of this action;

    (c) independent experts, consultants and other persons from whom a party may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent deemed reasonably necessary by a party for the conduct of this action;

    (d) any person, not a party, who is deposed or testifies in this action, or is to be deposed or to testify in this action (for purposes of preparation for such deposition or

4

testimony), and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of this action;

    (e) the Court and other courts (including court staff and jurors); and

    (f) court reporters, deposition transcript reporters and videographers.

Prior to the disclosure of Material which has been designated Confidential to those persons or entities authorized under paragraphs 7(b), (c) and (d) of this Order to receive such Material, any such individual or entity shall be provided with a copy of this Order, which he or she shall read. Upon reading this Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and will abide by its terms (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them.

    8. <u>Protection Of Confidential Information</u>. No information designated as Confidential may be disclosed to any person or entity other than those expressly identified above, except with the prior written consent of the producing party. In the event that information designated as Confidential is disclosed orally (*e.g.*, at a deposition, hearing or trial), the disclosing party shall have the right to exclude from attendance at said deposition, hearing or trial any person other than the deponent and those persons identified in paragraph 7 above (with respect to information designated as Confidential)

    9. <u>Inadvertent Production.</u> If information subject to a claim of attorney-client privilege, work product or any other privilege is inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with

respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

10. <u>Resolution of Challenges to Designations</u>. Entering into, agreeing to or otherwise complying with the terms of this Stipulation and Protective Order shall not: (a) operate as an admission by any party that any particular Material which has been designated Confidential contains or reflects proprietary or sensitive commercial or personal information or other confidential matter or confidential and/or proprietary information; (b) prejudice in any way the rights of any party to apply to the Court for an Order that information designated as Confidential need not be treated as Confidential; (c) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents that it considers not properly subject to discovery; (d) prejudice in any way the rights of a party to seek a determination of the Court that particular Materials should be produced; or (e) prejudice in any way the rights of a designating party or person to apply to the Court for a further protective order. No party to this action is obliged to challenge the protected status of any Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a non-designating party seeks to challenge the appropriateness of protected treatment of any Material, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the non-designating party may seek an order removing the Confidential designation from the disputed Material. The non-designating party shall give no less than five (5) business days written notice to the designating party or person before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other Material that

counsel contends is not entitled to protection. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the Materials are properly designated as Confidential (as the case may be) and are entitled to such protection. Any document, testimony or other Material as to which such a motion is made shall continue to be treated as Confidential until the Court rules or the motion is otherwise resolved.

11. <u>Filing of Confidential Material Under Seal</u>. In the event any Material designated Confidential is included in, attached to, referred to, or is an exhibit to any brief, memorandum, affidavit, document or transcript which is filed with either the Court or the Clerk during the course of proceedings arising out of this action, the party using such Material shall file the same or submit it to the Court in a sealed envelope bearing the following legend:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE
ORDER. NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT."

Notwithstanding the foregoing, a second copy of any filing intended for review by the Court may be delivered to the Court's chambers provided that the cover page of the filing be marked with the caption of the case and the notation:

"CONTAINS CONFIDENTIAL INFORMATION"

Where a party wishes to include in a filing a writing containing information that has been designated Confidential, but the confidential information contained in such writing is not relevant to the purpose for which the filing is being made, the party including such writing in a filing may, in lieu of the procedures set forth above, file a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation "CONFIDENTIAL INFORMATION REDACTED" in the place(s) on the writing where the confidential information would have appeared.

12. <u>Copying</u>. Written materials containing information designated as Confidential may only be copied by the receiving party as follows:

(a) Copying of Materials containing information designated as Confidential must be done by:

    i. Counsel for the receiving party;

    ii. persons employed by such counsel and under such counsel's supervision and control; or

    iii. an outside copying service engaged by counsel or pro se defendant, with the copies delivered directly to the requesting party.

(b) The number of copies that may be made of Materials containing information designated as Confidential shall be limited to those reasonably necessary for use by counsel, a pro se defendant or other persons authorized to receive copies hereunder.

13. <u>Receipt of Subpoena</u>. If any party (the "Responding Party") in possession of Material designated Confidential under this Stipulation and Protective Order receives a subpoena seeking production or other disclosure of such Confidential Material, the Responding Party shall give prompt written notice within two (2) business days to counsel for the party or person who designated the Materials Confidential, and shall enclose a copy of the subpoena. Where possible at least ten (10) business days notice before production or other disclosure should be given. Upon providing proper notification, either party may object to the requested disclosure on the ground of confidentiality or otherwise. If the party objecting to the requested disclosure is not the Responding Party, then the other party may intervene in the proceeding and register its objection and the Responding Party shall withhold production pending the results of such objection. All expenses related to such objection shall be incurred by the objecting party.

14. <u>Further Protection or Relief From this Order</u>. Nothing contained in this Order

shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective order relating to (i) material designated Confidential, (ii) material which may not fall within the definitions of Confidential material, (iii) any discovery in this case; or (b) from applying to the Court for any relief from any provision of this Order, on good cause shown. Nothing in this Order shall be construed as preventing any party from making application to the Court for revision or modification of the terms of this Order.

15. <u>Court Approval</u>.  The parties agree forthwith to submit this Stipulation and Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Stipulation and Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court.

Dated: May June 24, 2005

                                  DREIER, LLP

                                  By: _____
                                      Ira S. Sacks (IS-2861)
                                      Martin J. Feinberg (4579)
                                      499 Park Avenue
                                      New York, New York 10022
                                      Tel: (212) 652-3772
                                      Fax: (212) 328-6101
                                      Attorneys for Plaintiffs

Dated: May ___, 2005

                                  MR. SOLOMON SAFDEYE

                                  _____

IT IS SO ORDERED:

DATED: _____                      _____
                                  United States District Judge

15. <u>Court Approval</u>.  The parties agree forthwith to submit this Stipulation and Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Stipulation and Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court.

Dated: ~~May 24, 2005~~

June 14 2005

DREIER, LLP

By: _____
Ira S. Sacks (IS 2861)
Martin J. Feinberg (4579)
499 Park Avenue
New York, New York 10022
Tel:  (212) 652-3772
Fax: (212) 328-6101
Attorneys for Plaintiffs

Dated: ~~May~~ ___, 2005

June 14 2005

MR. SOLOMON SAFDEYE

_____

IT IS SO ORDERED:

DATED: 6/27/2005

_____
~~United States District~~ Judge
**Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York**

10